PER CURIAM.
In this appeal appellant challenges the state’s use of peremptory challenges. The trial court overruled appellant’s objections at trial. We affirm. That a venireperson has a relative who has been charged with a crime is a race-neutral reason for exercising a peremptory challenge. See Fotopoulos v. State, 608 So.2d 784 (Fla.1992). The trial court’s assessment of the credibility of the state’s explanation for the strike should be “affirmed on appeal unless clearly erroneous.” Melbourne v. State, 679 So.2d 759, 764-65 (Fla.1996); King v. Byrd, 716 So.2d 831, 833-34 (Fla. 4th DCA 1998). Although the state accepted venireperson Sapia as a juror despite the fact that her husband had been arrested, the prosecutor explained that he had not stricken the juror because of her prior jury experience and his desire to seat a jury without calling to the jury pool for additional jurors. To seat a jury *1230 was a concern of the parties at trial, since the state withdrew a challenge to a juror to seat an alternate with the agreement of all the attorneys. The trial court’s ruling in this case turned on “credibility determinations which encompass the assessment of all the circumstances and dynamics of the trial setting.” King, 716 So.2d at 834. This is not one of those few types of cases contemplated by King where it is appropriate for an appellate court to override a discretionary call of the trial judge.
AFFIRMED.
STONE, C.J., WARNER and GROSS, JJ., concur.